UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AHMAD HOSSEINIPOUR, | ) | CASE NO. 4:09 CV 1353 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MARC DANN, <u>et al.</u>, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

<u>Pro se</u> plaintiff Ahmad Hosseinipour filed this action against attorney Marc Dann. In the complaint, plaintiff asserts that Mr. Dann, who represented Mr. Hosseinipour's former spouse in a divorce and custody battle, "is a trouble maker." He asks this court to hold a hearing with Mr. Dann. Mr. Hosseinipour also filed an Application to Proceed <u>In Forma Pauperis</u>. That Application is granted.

**Background**

Mr. Hosseinipour claims he has been deprived of visitation with his son for the past four years. He claims his former spouse relocated with his son to Connecticut in 2001, and violated court orders permitting him to have parenting time with his child. He states that Mr. Dann represented his former spouse during the resulting litigation, and defended his client's actions. He contends Mr. Dann does not return his telephone calls. Mr. Hosseinipour alleges that he has attempted to litigate the custody issue in the Trumbull County Domestic Relations Court, but has

not obtained relief. He claims the "Family Court will not allow me to go there or file a motion." (Compl. at 4.) He indicates he "would like to ask the court to hold a hearing with Marc Dann." (Compl. at 4.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As a threshold matter, Mr. Hosseinipour has not established a basis for this federal court's jurisdiction. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8. He indicates that Mr. Dann is a resident of Trumbull County, Ohio. (Civil Cover Sheet at 1.) Mr. Hosseinipour indicates he is also a resident of Ohio. Federal jurisdiction cannot be premised on diversity of citizenship.

In addition, Mr. Hosseinipour fails to identify any particular federal cause of action

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

he is raising in his complaint. He provides a short narrative of facts pertaining to his custody dispute and then asks the court to hold a hearing with the attorney who represented his former spouse. (Compl. at 4.) Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278; see Wells v. Brown, 891 F.2d at 594. Even liberally construed, federal court jurisdiction cannot be based on a federal question.

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and may not entertain an action over which jurisdiction is lacking. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Because Mr. Hosseinipour has not set forth a basis for this federal court's jurisdiction, this action is dismissed.

Finally, even if Mr. Hosseinipour had met the technical requirements for diversity jurisdiction, federal courts must refrain from addressing cases which are in essence domestic relations or child custody disputes. Catz v. Chalker, 142 F.3d 279, 290 (6th Cir. 1998); Firestone

3

v. Cleveland Trust, 654 F.2d 1212, 1215 (6th Cir. 1981). To determine if a case is in essence a domestic relations case, the court must look to whether the parties are seeking a declaration of marital or parental status, or whether the underlying dispute centers on an issue arising under federal law. Catz, 142 F.3d at 290. At best, Mr. Hosseinipour is seeking a child custody decree or enforcement of a child custody decree. This is a domestic relations matter, which can only be addressed by an Ohio Domestic Relations Court. It is not an issue that can be entertained by a Federal Court.

## Conclusion

Accordingly, plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

              /s/Peter C. Economus
              PETER C. ECONOMUS
              UNITED STATES DISTRICT JUDGE

Dated: July 28, 2009